UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN T. MARVIK,<br><br>    Plaintiff,<br><br>    vs.<br><br>DR. NEIGHBORS, et. al.,<br><br>    Defendants. | 3:11-cv-00655-ECR (WGC)<br><br>**REPORT AND RECOMMENDATION**<br>**OF U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Edward C. Reed, Jr., Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §(b)(1)(B) and Local Rules of Practice, LR IB 1-4. Before the court is Plaintiff's pro se Complaint (Doc. # 1)[1], filed on September 12, 2011, and his application for leave to proceed in forma pauperis (Doc. # 3), filed on September 14, 2011.

## I. APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

A person may be granted permission to proceed in forma pauperis if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). "'[T]he supporting affidavits [must] state the facts as to the affiant's poverty with some particularity, definiteness, and certainty.'" *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (per curiam) (citing *Jefferson v. United States*,

---

[1] Refers to court's docket number.

1  277 F.2d 723, 725 (9th Cir. 1960)). The litigant need not "be absolutely destitute to enjoy the
2  benefits of the statute." *Adkins v. E.I. du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948).
3        In his application, Plaintiff states he is currently incarcerated at Lakes Crossing Center
4  and his current take-home pay is $0.00. (Doc. # 3 at 1.) In the past twelve months, he has
5  received income from the following sources: (1) $934.00 per month in Supplemental Security
6  Income (SSI) benefits; and (2) $7.00 for five (5) hours of work at Lakes Crossing Center. (*Id.*)
7  He has $280.00 in cash or in a checking or savings account. (*Id.* at 2.) Plaintiff's expenses
8  include: (1) $55.00 per month for storage; (2) $30.00 per month for phone; (3) $80.00 per
9  month for transportation; (4) $22.00 every six months for a post office box; (5) $500.00 per
10 month for housing; (6) $300.00 per month for food; and (7) $50.00 per month for clothes.
11 (*Id.*) He has debts in the amount of approximately $20,000.00. (*Id.*) While the court cannot
12 ascertain Plaintiff's precise ability to pay the filing fee based on the information contained
13 within his application, the court finds it is unlikely Plaintiff would be able to pay the $350
14 filing fee given that he appears to receive only approximately $934.00 per month, and
15 Plaintiff's expenses exceed his monthly income. Therefore, the Plaintiff's application to
16 proceed in forma pauperis should be granted.

## II. SCREENING

**A. STANDARD**

19       Applications to proceed in forma pauperis are governed by 28 U.S.C. § 1915, which
20 "authorizes the court to dismiss an IFP action that is frivolous or malicious." *Franklin v.*
21 *Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984) (citing 28 U.S.C. § 1915(a) (citing 28 U.S.C. §
22 1915(d)). This provision applies to all actions filed in forma pauperis, whether or not the
23 plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc);
24 *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).
25       28 U.S.C. § 1915 provides: "the court shall dismiss the case at any time if the court
26 determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim
27 upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is

1  immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Dismissal of a complaint for
2  failure to state a claim upon which relief may be granted is provided for in Federal Rule of
3  Civil Procedure 12(b)(6), and this court applies the same standard under Section 1915(e)(2)
4  when reviewing the adequacy of a complaint or amended complaint. Review under Rule
5  12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232
6  F.3d 719, 723 (9th Cir. 2000).

7  A complaint must contain more than a "formulaic recitation of the elements of a cause
8  of action;" it must contain factual allegations sufficient to "raise a right to relief above the
9  speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading
10  must contain something more . . . than . . . a statement of facts that merely creates a suspicion
11  [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice
12  and Procedure § 1216, at 235-36 (3d ed. 2004)). In reviewing a complaint under this standard,
13  the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v.*
14  *Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most
15  favorable to plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395
16  U.S. 411, 421 (1969). Allegations in *pro se* complaints are held to less stringent standards than
17  formal pleadings drafted by lawyers, and must be liberally construed. *See Hughes v. Rowe*,
18  449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also*
19  *Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011); *Balistreri v. Pacifica Police Dep't*,
20  901 F.2d 696, 699 (9th Cir. 1990).

21  **B. Plaintiff's Complaint**

22  Plaintiff names the following employees and officials of Lakes Crossing Center as
23  Defendants: Director Dr. Neighbors, Social Worker Tom Durante, Psychologist Dr. Pierson,
24  and Dr. Oksonhald. (Doc. # 1-1 at 2.)

25  In Count I, Plaintiff alleges that Dr. Oksonhald has not seen him since July 17, 2011,
26  constituting an abuse of state power, conspiracy, cruel and unusual punishment, and medical
27  malpractice. (Doc. # 1-1 at 4.) He also asserts his medications have been discontinued without

28

1  reason. (*Id.*) He claims he reported this to Dr. Neighbors and Tom Durante, and no action has
2  been taken. (*Id.*)

3  In Count II, Plaintiff alleges that up to and including August 24, 2011, Tom Durante
4  committed fraud, perjury, acted as a medical provider, and deliberately threatened Plaintiff,
5  telling him he would have to take a pill to change his beliefs or he would be at Lakes Crossing
6  for a long time. (*Id.* at 5.) He asserts that he has asked Tom Duarte for legal documents to
7  help with a competency motion, to no avail. (*Id.*) He says this was confirmed by Dr. Pierson,
8  and that Tom Duarte and Dr. Pierson were both wrongfully impersonating a medical doctor.
9  (*Id.*)

10  In Count III, Plaintiff alleges that for seven weeks he was trying to meet with Dr.
11  Pierson, a psychologist, so she could complete an evaluation, but his requests were ignored.
12  (*Id.* at 6.) He alleges knowledge by Dr. Neighbors and a conspiracy. (*Id.*)

13  Plaintiff requests injunctive relief, as well as criminal punishment and compensatory
14  damages. (Doc. # 1-1 at 11.)

15  **C. Analysis**

16  "To sustain an action under Section 1983, a plaintiff must show (1) that the conduct
17  complained of was committed by a person acting under color of state law; and (2) that the
18  conduct deprived the plaintiff of a federal constitutional or statutory right." *Wood v.*
19  *Ostrader*, 879 F.2d 583, 587 (9th Cir. 1989). Section 1983 does not provide a cause of action
20  for violations of state law. *See Galen v. County of Los Angeles*, 477 F.3d 652, 662 (9th Cir.
21  2007).

22  Plaintiff's Complaint alleges his dissatisfaction with treatment and attention he has
23  received, or believes he should receive, at Lakes Crossing Center. Liberally construing the
24  allegations of the Complaint, it appears Plaintiff is asserting a violation of the Eighth
25  Amendment, which prohibits the imposition of cruel and unusual punishment.

26  A claim of inadequate medical needs does not constitute cruel and unusual punishment
27  unless the mistreatment rises to the level of "deliberate indifference to serious medical needs."

28

4

*Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citation omitted). Second, the defendant must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. *Farmer v. Brennan*, 511 U.S. at 837. A defendant does not act in a deliberately indifferent manner unless he or she "knows of and disregards an excessive risk to inmate health or safety." *Id.* "[T[he indifference to [ ] medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105-06). Deliberate indifference can be manifested by the intentional denial or delay of access to medical care or intentional interference with necessary treatment. *Estelle v. Gamble*, 429 U.S. at 104-05.

Plaintiff has alleged sufficient facts to state a colorable claim for deliberate indifference to serious medical needs against Defendants Neighbors, Durante, Pierson, and Oksonhald.[2] No other federal constitutional claims are stated. As to the first prong, while Plaintiff does not specifically state he suffers from a serious medical need, the allegations, liberally construed, are marginally sufficient to satisfy federal pleading standards.[3] The court notes that Plaintiff is currently confined at Lakes Crossing Center, and takes judicial notice of the fact that Lakes

---

[2] It is not clear from Plaintiff's Complaint whether he is a pretrial detainee or post-conviction. He does assert in his in forma pauperis application that he is "incarcerated" at Lakes Crossing Center. (Doc. # 3.) If Plaintiff is a pretrial detainee, he is protected by the Fourteenth Amendment Due Process Clause, as well as the Eighth Amendment, but the substantive analysis of his claim would be guided by the Eighth Amendment. *See, e.g., Pierce v. County of Orange*, 526 F.3d 1190 (9th Cir. 2008); *Johnson v. Meltzer*, 134 F.3d 1393, 1398 (9th Cir. 1998) (Eighth Amendment establishes minimum standard of medical care for pretrial detainees).

[3] As discussed earlier herein, allegations in pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers, and must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

*Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citation omitted). Second, the defendant must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. *Farmer v. Brennan*, 511 U.S. at 837. A defendant does not act in a deliberately indifferent manner unless he or she "knows of and disregards an excessive risk to inmate health or safety." *Id.* "[T[he indifference to [ ] medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105-06). Deliberate indifference can be manifested by the intentional denial or delay of access to medical care or intentional interference with necessary treatment. *Estelle v. Gamble*, 429 U.S. at 104-05.

Plaintiff has alleged sufficient facts to state a colorable claim for deliberate indifference to serious medical needs against Defendants Neighbors, Durante, Pierson, and Oksonhald.[2] No other federal constitutional claims are stated. As to the first prong, while Plaintiff does not specifically state he suffers from a serious medical need, the allegations, liberally construed, are marginally sufficient to satisfy federal pleading standards.[3] The court notes that Plaintiff is currently confined at Lakes Crossing Center, and takes judicial notice of the fact that Lakes

---

[2] It is not clear from Plaintiff's Complaint whether he is a pretrial detainee or post-conviction. He does assert in his in forma pauperis application that he is "incarcerated" at Lakes Crossing Center. (Doc. # 3.) If Plaintiff is a pretrial detainee, he is protected by the Fourteenth Amendment Due Process Clause, as well as the Eighth Amendment, but the substantive analysis of his claim would be guided by the Eighth Amendment. *See, e.g., Pierce v. County of Orange*, 526 F.3d 1190 (9th Cir. 2008); *Johnson v. Meltzer*, 134 F.3d 1393, 1398 (9th Cir. 1998) (Eighth Amendment establishes minimum standard of medical care for pretrial detainees).

[3] As discussed earlier herein, allegations in pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers, and must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Crossing Center is a state mental health facility. Plaintiff also alleges he has ongoing medical problems (Doc. # 1-1 at 4), he has made medical requests, his medications have been discontinued, and he has been trying to have a psychological evaluation (*Id.* at 6). Taking these allegations as true, as the court must, the court finds Plaintiff has sufficiently pled that he suffers from a serious medical need. As to the second prong, Plaintiff alleges that has not been seen by Dr. Oksonhald or Dr. Pierson for seven weeks, and that his medical requests have been ignored. (Doc. # 1-1 at 4-6.) He also claims that he advised Dr. Neighbors and Tom Durante of his situation, and he has still not been provided with the requested treatment. (*Id.*) The court finds Plaintiff has included sufficient allegations with respect to the subjective prong of his Eighth Amendment claim.

Plaintiff appears to assert criminal claims for abuse of state power, fraud, perjury, and conspiracy. Courts have long held that, unless an exception exists, "'criminal statutes cannot be enforced by civil actions.'" *Collins v. Palczewski*, 841 F.Supp. 333, 340 (D.Nev. 1993) (quoting *Bass Angler Sportsman Soc. v. United Steel Corp.*, 324 F.Supp. 412, 415 (S.D. Ala. 1981) (citation omitted); *United States v. Jourden*, 193 F. 986 (9th Cir. 1912)). Accordingly, these claims should be dismissed with prejudice.

In Nevada, the cause of action of civil conspiracy requires allegations that Defendants, acting in concert, intended to accomplish an unlawful objective for the purpose of harming Plaintiff, and Plaintiff sustained damage as a result. *See Consol. Generator-Nevada, Inc. v. Cummins Engine Co.*, 971 P.2d 1251, 114 Nev. 1304 (1999). While Plaintiff general alleges there was a conspiracy, he does not identify who the parties to the agreement are, that they intended to accomplish an unlawful objective for the purpose of harming Plaintiff, and that he sustained damage as a result. Accordingly, Plaintiff's state law claim for civil conspiracy should be dismissed without prejudice.

In Nevada, the tort of fraudulent misrepresentation requires that a plaintiff allege: (1) defendant made a false representation; (2) defendant knew or believed his representation was false, or had an insufficient basis for making the representation; (3) defendant intended to

induce plaintiff to act or refrain from acting upon the representation; (4) plaintiff justifiably relied upon defendant's representation; and (5) plaintiff sustained damages as a result. *See Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 114 Nev. 441 (1998). In Count II, Plaintiff alleges that Tom Durante and Dr. Pierson impersonated a medical doctor. Plaintiff does not allege any further factual details regarding how these Defendants made a false representation, that they intended to induce Plaintiff to act or refrain from acting on the representation, that Plaintiff relied on it in any way, or that he suffered damage as a result. Therefore, this claim should be dismissed without prejudice.

To the extent Plaintiff is asserting a state law medical malpractice claim, Nevada Revised Statute 41A.071 requires dismissal without prejudice when "the action is filed without an affidavit, supporting the allegations contained in the action, submitted by a medical expert who practices or has practiced in an area that is substantially similar to the type of practice engaged in at the time of the alleged malpractice." Nev. Rev. Stat. 41A.071; *see also Washoe Medical Center v. Second Judicial Dist. Ct.*, 148 P.3d 790, 795 (Nev. 2006) (concluding that when a plaintiff does not comply with section 41A.071, "the complaint is void ab initio and must be dismissed, without prejudice, and no amendment to cure [the] defect is allowed"). Plaintiff fails to submit the required affidavit. Therefore, this claim should be dismissed without prejudice.

No other colorable state law claims are alleged.

### III. RECOMMENDATION
**IT IS HEREBY RECOMMENDED THAT:**

(1) Plaintiff's requests to proceed in forma pauperis (Doc. # 3) be **GRANTED.** The Clerk of the Court should be instructed to **FILE** the Complaint (Doc. # 1-1). The movant herein should be permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting in forma pauperis status should not extend to the issuance of subpoenas at government expense.

(2) The Eighth Amendment deliberate indifference to medical needs claim **SHOULD PROCEED** as to Defendants Neighbors, Durante, Pierson, and Oksonhald. No other federal constitutional claims are stated.

(3) To the extent Plaintiff asserts criminal claims for abuse of state power, fraud, perjury, and conspiracy, these claims should be **DISMISSED WITH PREJUDICE.**

(4) Plaintiff's state law claims for civil conspiracy, medical malpractice, and fraudulent misrepresentation should be **DISMISSED WITHOUT PREJUDICE,** and with leave to amend according to this order. Plaintiff states no other colorable state law claims. Plaintiff is advised that pursuant to Local Rule 15-1, the amended complaint shall be complete in itself without reference to the previous complaint. Plaintiff should be given thirty (30) days from the date of the order adopting the Report and Recommendation within which to file a first amended complaint remedying, if possible, the defects in the complaint explained above. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court. Plaintiff is cautioned that if he fails to file a first amended complaint within the time period specified above, the action will proceed on the original Complaint, and only with respect to the Eighth Amendment claim. Plaintiff shall clearly title the amended complaint as such by placing the words "FIRST AMENDED" immediately above "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" on page 1 in the caption, and plaintiff shall place the case number, **3:11-CV-00655-ECR-WGC**, above the words "FIRST AMENDED" in the space for "Case No."

(5) The Clerk **SHOULD SEND** to plaintiff a blank section 1983 civil rights complaint form with instructions along with one copy of the original complaint.

DATED: October 13, 2011.

_____
UNITED STATES MAGISTRATE JUDGE