1

2

3

4

5

6
## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

7

8
STEVEN T. MARVIK,                )          3:11-cv-00655-ECR (WGC)

9                                 )

    Plaintiff,                     )          **REPORT & RECOMMENDATION**

10                                )          **OF U.S. MAGISTRATE JUDGE**

                                    )

11   DR.  NEIGHBORS, et.  al.,       )

                                    )

12       Defendants.               )

13   _____ )

        This Report and Recommendation is made to the Honorable Edward C.  Reed, Jr.,

14
Senior United States District Judge. The action was referred to the undersigned Magistrate

15
Judge pursuant to 28 U.S.C. §(b)(1)(B) and Local Rules of Practice, LR IB 1-4. Before the court

16
is Plaintiff's pro se First Amended Complaint (Docs. # 19, 19-1, 19-2)[1], which the court will

17
now screen pursuant to 28 U.S.C. § 1915.

18
## I.  BACKGROUND

19
        Plaintiff filed his original Complaint on September 12, 2011.  (Doc. # 1.)  On October

20
13, 2011, the court issued a Report and Recommendation (Doc. # 6) which was adopted by the

21
District Court (Doc. # 12), granting Plaintiff's request to proceed in forma pauperis and

22
screening Plaintiff's original Complaint.  (Docs. # 6, 12.) Plaintiff was allowed to proceed with

23
his medical care claim under the Eighth Amendment against defendants Neighbors, Durante,

24
Pierson, and Oksonhald.  (Doc. # 6 at 8, Doc. # 12 at 2.) The court determined that no other

25
federal constitutional claims were stated.  (*Id.*)  Plaintiff's criminal claims for abuse of state

26
power, fraud, perjury, and conspiracy were dismissed with prejudice. (*Id.*)  Plaintiff was given

27

28
       [1] Refers to court's docket number.

leave to amend his state law claims for conspiracy, medical malpractice and fraudulent misrepresentation.  (*Id.*)

On February 27, 2012, the District Court ordered that Plaintiff's First Amended Complaint would be filed.  (Docs. # 18, 19.) The court will now screen Plaintiff's First Amended Complaint.

## II. SCREENING

### A. STANDARD

Applications to proceed in forma pauperis are governed by 28 U.S.C. § 1915, which "authorizes the court to dismiss an IFP action that is frivolous or malicious." *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir.  1984) (citing 28 U.S.C. § 1915(a) (citing 28 U.S.C. § 1915(d)). This provision applies to all actions filed in forma pauperis, whether or not the plaintiff is incarcerated. *See Lopez v.  Smith*, 203 F.3d 1122, 1129 (9th Cir.  2000) (en banc); *see also Calhoun v.  Stahl*, 254 F.3d 845 (9th Cir.  2001) (per curiam).

28 U.S.C. § 1915 provides: "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice

and Procedure § 1216, at 235-36 (3d ed. 2004)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers, and must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Leave to amend should be granted unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

**B. Plaintiff's First Amended Complaint**

"To sustain an action under Section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Wood v. Ostrader*, 879 F.2d 583, 587 (9th Cir. 1989). Section 1983 does not provide a cause of action for violations of state law. *See Galen v. County of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007).

Plaintiff's First Amended Complaint, like his original Complaint, alleges his dissatisfaction with treatment and attention he has received, or believes he should receive, at Lakes Crossing Center.

In addition to defendants Neighbors, Durante, Pierson, and Oksonhald, that were named in the original Complaint, Plaintiff adds a defendant, Dr. Zookowski, a psychiatrist at Lakes Crossing. (Doc. # 19 at 3.) He also adds Counts IV-VIII. (Doc. # 19-1.)

In Count I, the crux of Plaintiff's allegations is the denial of medical care by defendant Oksonhald, which he asserts defendants Neighbors, Durante, and Zookowski knew about but did nothing to rectify.  Doc. # 19 at 4.)

In Count II, Plaintiff's allegations once again center around the conduct of Tom Durante and Dr.  Pierson in relation to Plaintiff's medical care. (Doc. # 19 at 4.)

In Count III, Plaintiff focuses on defendant Pierson failure to provide him with adequate care.  (Doc. # 19 at 6.) He also references the involvement of defendants Neighbors, Zookowski, and Oksonhald.  (*Id*.)

The court finds that with respect to Counts I-III, Plaintiff states a colorable claim for deliberate indifference to his serious medical need against defendants Neighbors, Durante, Pierson, Oksonhald and Zookowski.

In Count IV, Plaintiff references defendant Durante's knowledge of his mental health status, and avers that he is illegally locked up at Lakes Crossing. (Doc. # 19-1 at 1.) The court cannot discern a cognizable cause of action based on the facts alleged in Count IV, and it should be dismissed.

In Count V, Plaintiff alleges that defendant Neighbors has still refused to meet with him.  (Doc. # 19-1 at 2.)  Count V is duplicative of the allegations in Counts I-III and should be dismissed.

In Count VI, Plaintiff includes various allegations related to the delay or postponement of his criminal trial.  (Doc. # 19-1 at 3.) After reviewing the allegations in Count VI, the court finds Plaintiff has not stated a cognizable claim, and Count VI should be dismissed with prejudice.

In Count VII, Plaintiff alleges that defendants Zookowski and Pierson lied to him in conversations they had together regarding his status at Lakes Crossing.  (Doc. # 19-1 at 4.) Plaintiff has failed to state a cognizable claim in Count VII, and it should be dismissed with prejudice.

Finally, in Count VIII, Plaintiff simply provides a list of his medical problems (Doc. # 19-1 at 5), which the court finds fails to state a cognizable claim for relief.  Therefore, Count VIII should be dismissed.

Plaintiff states no other colorable federal or state law claims.

### III. RECOMMENDATION
**IT IS HEREBY RECOMMENDED THAT**:

(1) Plaintiff's First Amended Complaint **SHOULD PROCEED** on the Eighth Amendment deliberate indifference to medical needs claim in Counts I-III  as to defendants Neighbors, Durante, Pierson, Oksonhald, and Zookowski.  No other federal constitutional or state law claims are stated.

(3) Counts IV-VIII should be **DISMISSED WITH PREJUDICE**.

(4) **IT SHOULD BE FURTHER ORDERED** that the Clerk of the Court issue summons to defendant(s) herein and deliver same to the U.S. Marshal for service. The clerk should be directed to send plaintiff sufficient copies of the First Amended Complaint and service of process forms (USM-285) for each defendant.  Plaintiff should have twenty (20) days from the date of an order adopting this Report and Recommendation in which to furnish the U.S. Marshal the required forms USM-285.  Within twenty (20) days after receiving from the U.S. Marshal a copy of the USM-285 form showing whether service has been accomplished, Plaintiff should be directed to file a notice with the court identifying which defendants were served and which were not served, if any.  If Plaintiff wishes to have service again attempted on any unserved defendant, then a motion must be filed with the court identifying the unserved defendant(s) and specifying a more detailed name and/or address for said defendant, or whether some other manner of service should be attempted.  Plaintiff is reminded that, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within one hundred twenty (120) days of the date of an order adopting this Report and Recommendation.

///

(5) **IT SHOULD BE FURTHER ORDERED** that henceforth, Plaintiff should serve upon defendants or, if appearance has been entered by counsel, upon the attorney(s) a copy of every pleading, motion or other document submitted for consideration by the court. Plaintiff should include with the original paper to be filed with the clerk of the court a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for defendants.  The court may disregard any paper received by a District Judge or a Magistrate Judge which has not been filed with the clerk of the court, and any paper received by a District Judge, Magistrate Judge or Clerk of the Court which fails to include a certificate of service.

Plaintiff should be aware of the following:

1.     That he may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt.  These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.     That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.


DATED:   July 18, 2012.



_____
UNITED STATES MAGISTRATE JUDGE