UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| STEVEN T. MARVIK, | ) | 3:11-cv-00655-LRH-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF PROCEEDINGS** |
| | ) | |
| vs. | ) | May 30, 2013 |
| | ) | |
| DR. NEIGHBORS, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

PRESENT:  <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:  <u>  Katie Lynn Ogden  </u>  REPORTER:  <u>              FTR              </u>

COUNSEL FOR PLAINTIFF:  <u>  Steven T. Marvik, In Pro Per (Telephonically)  </u>

COUNSEL FOR DEFENDANT(S):  <u>  Julie Slabaugh, Esq. (obo: Dr. Pearson, Dr. Neighbors and

Tom Durante) and Kevin Lazar, Esq. (obo: Lorrie Oksenholt)  </u>

**MINUTES OF PROCEEDINGS: Motion Hearing**

2:30 p.m. Court convenes.

**I.    Outstanding Motions**

   **A.    Plaintiff's Motion to Compel Dr. Elizabeth Neighbors, Dr. Catherine Pearson
          and Tom Durante (Defendants) (Dkt. #75)**

   Mr. Marvik explains the documents he received with regard to this Motion to Compel Defendants Neighbors, Pearson and Durante were not proper and were contradictory.

   Ms. Slabaugh indicates it is unclear what Mr. Marvik is requesting for certain, but, Mr. Marvik was produced with his entire medical chart from Lake's Crossing Center. Furthermore, in response to Plaintiff's request for production, Defendants' produced documents relating to Lake's Crossing Center's policies, as well as minutes regarding clinical meetings.

   In response to Mr. Marvik's argument that Defendants have not complied with initial disclosure requirement Fed.R.Civ.P. 26, Ms. Slabaugh explains that Fed.R.Civ.P. 26 does not apply to this case because, at the time this action was filed, Plaintiff was in the custody of the State of Nevada and being held at Lake's Crossing Center.  Therefore, as stated in Defendants'

MINUTES OF PROCEEDINGS
3:11-cv-00655-LRH-WGC
Date: May 30, 2013
Page 2

Response to Plaintiff's Motion to Compel, "Fed.R.Civ.P. 26(B)(iv) exempts from initial disclosure "actions brought without an attorney by a person in the custody of the United States, a state, or a state subdivision" (Dkt. #87).

The Court reviews Plaintiff's motion once more and notes that it appears Plaintiff is attempting to discern whether Defendants have or have not made Fed.R.Civ.P. 26 disclosures. The Court explains that the Discovery Plan/Scheduling Order does not apply to incarcerated persons and instead, the Court sets forth a standard scheduling order.  Therefore, plaintiff's Motion to Compel (Dkt. #75) is **DENIED**.

      **B.**    <u>**Motion to Strike Any and All Answered Interrogatories and Admissions by Defendants Neighbors, Pearson and Durante (Dkt. #71)**</u>

It appears the Plaintiff is requesting the Court to strike discovery responses as untimely with regard to Defendants Neighbors, Pearson and Durante.  The court notes that Defendants' response (Dkt. #72) argues that the responses were timely.

Mr. Marvik explains he had made an error with respect to the calculation of mail-days afforded by the Local Rules.

In light of Mr. Marvik's representation, Plaintiff's Motion to Strike Any and All Answered Interrogatories and Admissions by Defendant Neighbors, Pearson and Durante is **DENIED**.

      **C.**    <u>**Motion to Compel Defendant Dr. Lorrie Oksenholt (Dkt. #70)**</u>

Mr. Lazar explains that similar to Ms. Slabaugh's response, Defendant Dr. Oksenholt produced the entire chart Defendant was permitted to receive pursuant to the Protective Order (Dkt. #68), which were Dr. Oksenholt's notes.  Mr. Lazar represents that Defendant Dr. Oksenholt has produced all documents available and the production was timely.

The Court expresses its concern that there has not been attempt to meet and confer prior to filing discovery dispute motions.  The Court explains that the Local Rules requires parties to meet and confer and attempt to resolve discovery dispute prior to requesting the Court to intervene during discovery.

The Court finds that, procedurally, Plaintiff's Motion to Compel Defendant Dr. Lorrie Oksenholt (Dkt. #70) is insufficient, and substantively, based on Defendant Oksenholt's responses (Dkt. #89), Defendant has adequately responded to Plaintiff's discovery requests.  Therefore, Plaintiff's Motion to Compel Defendant Dr. Lorrie Oksenholt is **DENIED**.

MINUTES OF PROCEEDINGS
3:11-cv-00655-LRH-WGC
Date: May 30, 2013
Page 3

      D.      **Revised Because of Errors - Motion to Compel Defendant Dr. Lorrie Oksenholt (Dkt. #74)**

The Court inquires what the difference between Motion Compel (Dkt. #70) and Motion to Compel (Dkt. #74) is**.**

Mr. Markvik explains that he was attempting to revise errors he had made in specific statements in his Motion to Compel (Dkt. #70).

Based on Mr. Marvik's representation that Dkt. #74 was submitted, only, to correct errors specific to certain statements made in Dkt. #70, the Court is not inclined to readdress the Motion to Compel (Dkt. #74); the topic with regard to the Motion to Compel has been addressed during the discussion of Dkt. #70.  Therefore, Plaintiff's Revised Because of Errors - Motion to Compel Dr. Lorrie Oksenholt (Dkt. #74) is **DENIED**.

      E.      **Motion to Compel Defendant Dr. Lorrie Oksenholt (Dkt. #76)**

Mr. Lazar clarifies for the Court that the Lake's Crossing Center's chart regarding Mr. Marvik was produced to Defendant Oksenholt after the Protective Order was filed. Mr. Lazar's understanding is that Ms. Slabaugh produced the entire chart to Mr. Marvik prior to the Protective Order being filed and therefore did not reproduce the chart to Mr. Marvik. Ms. Slabaugh concurs with Mr. Lazar's summary and advises the court that in response to Mr. Marvik's discovery request, his chart was sent to him on March 4, 2013.

The Court directs Mr. Lazar to write a letter to Mr. Marvik and explain that all documents related to this case, specifically as to Dr. Lorrie Oksenholt, have been produced to him.  In light of the Court's directive, Plaintiff's Motion to Compel Defendant Dr. Lorrie Oksenholt (Dkt. #76) is **DENIED**.

The Courtroom Administrator is directed to provide Mr. Marvik a current copy of the docket sheet.

      F.      **Motion for Approval of Subpoena's With Attachment "A" (Dkt. #94)**

The Court informs Plaintiff that he is entitled to serve subpoena's without Court order. However, if the subpoena is beyond discoverable information or involves confidential information or is otherwise entitled to legal objection, Plaintiff should anticipate that the person upon which the subpoena was served may object to answering the subpoena.  The Court notes that the Discovery deadline expired March, 18, 2013 (Dkt. #56), and that any attempt to serve subpoena(s) would appear to be untimely.

MINUTES OF PROCEEDINGS
3:11-cv-00655-LRH-WGC
Date: May 30, 2013
Page 4

In light of the Court's explanation, Plaintiff's Motion for Approval of Subpoena's With Attachment "A" (Dkt. #94) is **DENIED**.

### G. Motion to Extend Time to Serve Dr. Steven Zuchowski (Dkt. #95)

Mr. Marvik explains that he is having a difficult time locating Dr. Steven Zuchowski; however, because he has new information regarding Dr. Zuchowski's current location, an extension of time is necessary in order to effect service.

The Court recites the several extensions of time in which the Court has granted Plaintiff the opportunity to locate and serve Dr. Zuchowski; the latest extension being on March 20, 2013, allowing Plaintiff an additional sixty (60) days or up to and including May 19, 2013, to serve Dr. Zuchowski (Dkt. #66).

Based on the multiple extensions of time granted to serve Dr. Zuchowski and the Court's concern that any further extensions would delay this matter even further, Plaintiff's Motion to Extend Time to Serve Dr. Steven Zuchowski (Dkt. #95) is **DENIED**. The Court notes that this order does not dismiss Dr. Zuchowski from this action, because it does not have the authority to do so, but rather the Court is simply denying any further extensions of time to serve Dr. Zuchowski. The Court further reminds Plaintiff that the close of discovery expired, which factors into this Court's decision to deny any further extensions.

Mr. Marvik states that he formally objects to the Court's decision, and, should this action proceed without Dr. Zuchowski as a party to this case, Defendants should not be allowed to use any material, such as report or comments regarding Plaintiff himself, during the litigation.

In response, the Court reiterates that it is not within this Court's jurisdiction to dismiss this action against Dr. Zuchowski; but rather, it is this Court's finding that time has expired to effect service on Dr. Zuchowski.

3:28 p.m. Court adjourns.

**IT IS SO ORDERED.**

                LANCE S. WILSON, CLERK


                By: _____/s/_____
                   Katie Lynn Ogden, Deputy Clerk