UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEVEN T. MARVIK, ) | |
| ) | |
| Plaintiff, ) | 3:11-CV-00655-LRH-WGC |
| ) | |
| v. ) | |
| ) | ORDER |
| DR. NEIGHBORS, et al., ) | |
| ) | |
| Defendants. ) | |

Before the Court is Plaintiff Steven T. Marvik's ("Marvik") Motion Objecting to Magistrate Judge William Cobb's May 30, 2013 Order (Doc. #119)[1]. Doc. #120. Defendants Elizabeth Neighbors, Tom Durante, and Catherine Pearson (collectively "Defendants") filed a Response. Doc. #121. Defendant Lorrie Oksenholt ("Oksenholt") also filed a Response. Doc. #122. Marvik did not file a Reply.

Marvik was committed to the custody of Lake's Crossing Center for the Mentally Disordered Offender ("LCC") between July 1, 2011 and January 4, 2012 pursuant to a court order from the Second Judicial District Court of the State of Nevada for the purpose of determining his ability to receive treatment to attain competence to stand trial. Marvik filed his initial Complaint on September 12, 2011, alleging various civil rights violations against Defendants and Oksenholt. On May 30, 2013, Magistrate Judge William Cobb issued an Order denying, among other things,

---

[1] Refers to the Court's docket number.

Marvik's Motions to Compel. Doc. #119. On July 1, 2013, Marvik filed the present Objection before the Court. Doc. #120. Specifically, Marvik takes issue with the Magistrate's denial of Marvik's Motion to Compel Oksenholt (Doc. #74), Marvik's Motion to Compel Defendants (Doc. #75), and Marvik's Second Motion to Compel Oksenholt (Doc. #76). *See id.* Additionally, Marvik appears to object again to the Court's March 20, 2013 Order granting Defendants' Motion for HIPPA Compliant Protective Order. Doc. #68; *see also* Doc. #112 (Order denying Plaintiff's Motion and Objection to Magistrate Judge's March 20, 2013 Order).

Local Rule IB 3-1 authorizes a District Judge to reconsider any pretrial matter referred to a Magistrate Judge pursuant to LR IB 1-3 where it has been shown that the Magistrate Judge's Order is clearly erroneous or contrary to law. A party wishing to file objections to a Magistrate Judge's Order must do so within fourteen (14) days from the date of service of the Magistrate Judge's ruling. LR IB 3-1(a). As an initial matter, because Marvik filed the present Objection more than fourteen (14) days from the date on which the Magistrate Judge's Order was issued, the Court finds that Marvik's Objection is untimely.

Nevertheless, the Court has reviewed the documents and pleadings on file in this matter and finds that the Magistrate Judge's Order is not clearly erroneous or contrary to law. Additionally, the Court finds that Marvik has failed to show that the Magistrate Judge's Order is either contrary to law or clearly erroneous. At most, Marvik simply re-alleges the arguments set forth in his underlying motions. He fails to introduce any evidence or point out any legal or factual error in the Magistrate Judge's Order that shows that the Magistrate was incorrect or did not consider all of the facts at the time it was made. The Magistrate Judge heard oral argument on the underlying motions on May 30, 2013 at which time Marvik's arguments received ample attention and review. Accordingly, the Court affirms the Magistrate Judge's Order.

///

///

///

IT IS THEREFORE ORDERED that Marvik's Motion Objecting to Magistrate Judge William Cobb's May 30, 2013 Order (Doc. #120) is DENIED.

IT IS SO ORDERED.

DATED this 12th day of November, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE