UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| STEVEN T. MARVIK, | ) 3:11-cv-00655-LRH-WGC |
| Plaintiff, | ) |
| | ) ORDER |
| v. | ) |
| DR. NEIGHBORS, *et al.*, | ) |
| Defendants. | ) |

Before the Court is Plaintiff Steven T. Marvik's ("Marvik") Motion for the Court to Order Defendants to Return or Destroy Evidence under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). Doc. #143.[1] Defendant Lorrie Oksenholt ("Oksenholt") filed an Opposition (Doc. #144), to which Marvik did not reply.

This case is closed. On November 12, 2013, the Court entered summary judgment on behalf of Defendants and against Marvik. Doc. #128. The Court entered judgment against the majority of Defendants on November 12, 2013 (Doc. #129), and remaining Defendants on April 9, 2014 (Doc. #134). Marvik appealed, and the appeal was dismissed for lack of jurisdiction on October 29, 2014. Doc. #138. The present Motion was filed on August 25, 2015. Doc. #143.

Here, Marvik requests that the Court order Defendants to return all medical records provided to the Court, and any medical records that were never discussed, or provide evidence that such records were destroyed. This request is made under HIPAA, but Marvik's Motion does not cite any supporting authority. Oksenholt argues that Defendants are legally obligated to refrain from destroying Marvik's medical records at this point in time. Nevada Revised Statute

---

[1] Refers to the Court's docket number.

1  ("NRS") § 629.051 provides that a healthcare provider "shall retain the health care records of his
2  or her patients as part of his or her regularly maintained records for 5 years after receipt or
3  production."  Oksenholt states that the effect of this statute is that Marvik's records must be
4  maintained "until at least 2016."  Oksenholt then explained her practice's method regarding
5  retention of records: "Our firm immediately returns all 'original' records, pathology slides, etc.,
6  to the client after making copies of same. When the case closes, we scan the copies to our closed
7  file server and destroy the copies through a shredding company. Such was done in this case."
8       The Court is not aware of any statute or precedent requiring that Defendants destroy the
9  copies of Marvik's medical records prior to the time period identified by NRS § 629.051, nor has
10 Marvik identified such precedent.  Accordingly, Marvik's Motion is denied.
11      IT IS THEREFORE ORDERED that Marvik's Motion for the Court to Order Defendants
12 to Return or Destroy Evidence (Doc. #143) is DENIED.
13      IT IS SO ORDERED.
14      DATED this 27th day of September, 2015.

15  _____
16  LARRY R. HICKS
    UNITED STATES DISTRICT JUDGE